**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PHILLIP A. WILLIAMS,**

    **Plaintiff,**

vs.                                         Case No. 4:20-CV-00390-AW-MAF

**U.S. DEP'T OF JUSTICE.,**
**et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a non-prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 but has not been granted leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 2. For the reasons stated below, the case should be dismissed for Plaintiff's failure to prosecute his case and failure to comply with court orders. The procedural history of this case warrants discussion.

**I. Relevant Procedural History**

Plaintiff initiated this case on August 5, 2020, by submitting a complaint against the United States Department of Justice and John Hancock Insurance. ECF No. 1. Plaintiff also filed a motion to proceed IFP, ECF No. 2, and a statement, which states that Plaintiff is "asking for the full value of

the policy that is being used in the above on going [sic] action." ECF No. 4. The IFP motion was insufficient to demonstrate entitlement because it was incomplete and inconsistent. Id. The Court ordered Plaintiff refile the IFP application, to clarify his forms of income, and to respond to all questions on the form. ECF No. 5. Also, the Court identified the deficiencies in Plaintiff's complaint and ordered him to amend by **September 11, 2020**, and provided Plaintiff with the forms necessary to refile for IFP status and to amend his complaint. Id. The Court warned Plaintiff that failure to comply with Court's orders might result in a recommendation of dismissal of his action. Id. Instead, Plaintiff filed an unsworn statement entitled "RESPONSE TO Court ORDER" stating that he receives $783 per month from social security "DI," claimed that he was "presently unemployed," and listed a few prior employers. ECF No. 6.

The Court again reviewed the case and filings and issued a second order to Plaintiff to comply with its prior instructions to file an amended complaint and a proper IFP motion. ECF No. 7. The Court explained the deficiencies and reminded Plaintiff to refile the IFP application and his amended complaint and granted him an additional thirty days to comply – until **October 15, 2020**. ECF No. 7. Finally, the Court reminded Plaintiff that failure to comply with court orders would likely result in a recommendation to

dismiss the action pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. Id., p. 3.

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Moreover, this Court cannot proceed with a complaint that fails to comport with the Rules.

As described above Plaintiff has failed to refile a proper IFP motion and has not filed an amended complaint. It is worth noting that Plaintiff's complaint and statement provide no factual allegations to demonstrate a

basis for any claim against either defendant. ECF Nos. 1, 4. The ambiguous complaint only states: "I have a pending case that is still stem[m]ing on Gadsen County computer, that is now open for every one [sic] to see and witness the hell that they and others continue to put me through the value of that . . . claim is what I seek." ECF No. 1, pp. 4-5. As relief, Plaintiff seeks "$1,343.00 all value of claim paid." Id., p. 6. However, in his supporting letter, Plaintiff asks "for the full value of the policy . . . in the above on going [sic] action. In the amount of one million and three-hundred, forty-three dollars and no cents." ECF No. 4. There is nothing more and nothing less.

    Plaintiff has failed to comply with the Court's orders by failing to submit a legally sufficient complaint. More importantly, a complaint under Section 1983 must assert facts showing how Plaintiff's constitutional rights are impacted. See N.D. Fla. Loc. R. 5.7(B) ("A [*pro se* civil rights] . . . complaint . . . must set out specific claims and supporting facts . . . "); see also Federal Rules of Civil Procedure 8 and 10. The Court simply cannot proceed with a complaint that fails to bring forth a valid cause of action.

    Finally, in each of its orders directing Plaintiff to amend and refile the IFP application, the Court warned him that failure to comply with court orders would result in a recommendation to dismiss this action. ECF Nos. 12, 20, 23, 26. The Court has provided Plaintiff liberal opportunity to amend;

however, nearly three months have since passed to no avail. Accordingly, Plaintiff has failed to prosecute his case and failed to comply with Court orders. Dismissal is, therefore, warranted.

## III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on October 23, 2020.

**/s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on

appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).